IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMECERTAIN, LLC,

        Plaintiff,

vs.

AUTHENTIDATE HOLDING                    Civil Action No. _____
CORPORATION; AUTHENTIDATE,
INC.; AND NCIPHER, INC.,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff TimeCertain, LLC ("TimeCertain") brings this action against the Defendants Authentidate Holding Corporation ("Authentidate Holding"); Authentidate, Inc. ("Authentidate"); and nCipher, Inc. ("nCipher") (collectively, "Defendants"), and for its cause of action alleges:

### The Parties

1. TimeCertain is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 5715 Firestone Court, Sarasota, Florida 34238.

2. Upon information and belief, Authentidate Holding is a corporation organized and existing under the laws of the State of Delaware and is doing business in the Middle District of Florida and elsewhere. Authentidate Holding may be served with process by serving its registered agent, The Corporation Trust Company; Corporation Trust Center; 1209 Orange Street; Wilmington, Delaware 19801.

3. Upon information and belief, Authentidate is a corporation organized and existing under the laws of the State of Delaware and is doing business in the Middle District of Florida

and elsewhere. Authentidate may be served with process by serving its registered agent, The Corporation Trust Company; Corporation Trust Center; 1209 Orange Street; Wilmington, Delaware 19801.

4. Upon information and belief, nCipher is a corporation organized and existing under the laws of the State of Delaware and is doing business in the Middle District of Florida and elsewhere. Upon information and belief, nCipher is registered with the Florida Secretary of State to transact business in Florida. nCipher may be served with process by serving its registered agent, CT Corporation System; 1200 South Pine Island Road; Plantation, Florida 33324.

**Jurisdiction and Venue**

6. This action arises under the patent laws of the United States, Title 35 United States Code, particularly §§ 271 and 281 and Title 28 United States Code, particularly §1338(a). Venue is proper in this Court under Title 28 United States Code §§ 1391(b) and (c) and 1400(b).

**Claim for Patent Infringement**

7. On September 14, 2004, U.S. Patent No. 6,792,536 ("the '536 patent") was duly and legally issued for "Smart Card System and Methods for Proving Dates in Digital Files." A copy of the '536 patent is attached as Exhibit A and is made a part hereof. By assignment, TimeCertain is the owner of the '536 patent and at all relevant times has had the right to enforce the '536 patent.

8. The '536 patent, in general, relates to systems, apparatus, and methods of preventing fraud in digital data files.

9. On May 24, 2005, U.S. Patent No. 6,898,709 ("the '709 patent") was duly and legally issued for "Personal Computer System and Methods for Proving Dates in Digital Data

2

Files." A copy of the '709 patent is attached as Exhibit B and is made a part hereof. By assignment, TimeCertain is the owner of the '709 patent and at all relevant times has had the right to enforce the '709 patent.

10. The '709 patent, in general, relates to systems, apparatus, and methods of preventing fraud in digital data files.

11. Upon information and belief, Authentidate Holding provides products and services, promotes products and services, and directs the development of products and services, including but not limited to the United States Postal Service Electronic Postmark. By such acts, Authentidate Holding has in the past and continues to infringe directly, by inducement, or by contributing to the infringement of at least claims 1 and 6 of the '536 patent and claims 1 and 17 of the '709 patent.

12. Upon information and belief, Authentidate provides products and services, promotes products and services, and directs the development of products and services, including but not limited to the United States Postal Service Electronic Postmark. By such acts, Authentidate has in the past and continues to infringe directly, by inducement, or by contributing to the infringement of at least claims 1 and 6 of the '536 patent and claims 1 and 17 of the '709 patent.

13. Upon information and belief, nCipher provides products, promotes products, and directs the development of products, including but not limited to nCipher's pdfProof and Documents Sealing Engine 200 products. By such acts, nCipher has in the past and continues to infringe directly, by inducement, or by contributing to the infringement of at least claims 1 and 6 of the '536 patent and claims 1 and 17 of the '709 patent.

14. Upon information and belief Defendants' infringement has been willful.

15. TimeCertain has complied with Title 35 United States Code § 287 and defendants have therefore been put on constructive or actual notice of all relevant facts.

16. As a result of Defendants' infringing conduct, the Defendants have damaged TimeCertain. The Defendants are liable to TimeCertain in an amount that adequately compensates TimeCertain for their infringement, which, by law, can in no event be less than a reasonable royalty.

17. As a consequence of the Defendants' infringement, TimeCertain has been irreparably damaged and such damage will continue without the issuance of an injunction by this Court.

**Demand for Jury Trial**

16. TimeCertain demands a jury trial on all claims and issues.

**Prayer For Relief**

WHEREFORE, TimeCertain prays for entry of judgment:

A. That at least claims 1 and 6 of U.S. Patent No. 6,792,536 and claims 1 and 17 of U.S. Patent No. 6,898,709 have been willfully infringed by the Defendants and by others whose infringement has been contributed to and/or induced by Defendants;

B. That Defendants and each of their officers, agents, employees, representatives, successors, assigns and those acting in privity or concert with them be permanently enjoined from further infringement of U.S. Patent No. 6,792,536 and U.S. Patent No. 6,898,709;

C. That Defendants account for and pay to TimeCertain all damages and costs caused by Defendants' activities complained of herein;

D. That TimeCertain be granted pre-judgment and post-judgment interest on the damages caused by reason of Defendants' activity complained of herein;

E. That TimeCertain be granted its attorneys' fees in this action;

F. That costs be awarded to TimeCertain; and

G. That TimeCertain be granted such other and further relief that is just and proper under the circumstances.

Date: *August 23, 2005*

Respectfully submitted,

*Stacy D. Blank*
Stacy D. Blank
Florida Bar No. 772781
Holland & Knight LLP
400 North Ashley, Suite 2300
Tampa, Florida 33602
(813) 227-8500 – Telephone
(813) 229-0134 – Facsimile

Trial Counsel for Plaintiff

OF COUNSEL

Edward W. Goldstein
Christopher M. Faucett
Corby R. Vowell
Jason A. Saunders
Goldstein & Faucett
1177 West Loop South, Suite 400
Houston, Texas 77027
(713) 877-1515 – Telephone
(713) 877-1737 – Facsimile

# 3168306_v1